UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

MAXWELL C. KING, II, R.PH.,

    Plaintiff,

      v.                                                    Civil Action No.

WALMART STORES, INC.,

    Defendant.

**COMPLAINT FOR INJUNCTIVE RELIEF AND
DEMAND FOR JURY TRIAL**

    Plaintiff, Maxwell C. King, II, R.Ph. ("King"), by and through undersigned counsel, and complains against the Defendant, Walmart Stores, Inc. ("Walmart"), as follows:

**INTRODUCTION**

    Maxwell King is a conscientious pharmacist who considers it his duty to practice pharmacy to the highest standard when caring for his customers.  King was continuously employed by Walmart as a pharmacist between January 25, 1993 through April 23, 2020 – 27 years.  King served as the Pharmacy Manager at Walmart Store No. 1172 in Jacksonville from February 1994 until April 2020 when he was demoted to a staff pharmacist position.  King was then unlawfully fired by Walmart and replaced with a younger pharmacist.  The reason given by Walmart for firing King was "improper patient counseling" in violation of Walmart policy.  This reason is false and pretextual to the real reason, King's age.  King's date of

1

birth is September 8, 1953. Throughout King's career at Walmart, he was never coached or disciplined for anything related to patient counseling until the day he was fired.   However, younger pharmacists who counseled patients the same way King did were not fired.  As a result of Walmart's unlawful and discriminatory actions, King has suffered damages.

## JURISDICTION AND PARTIES

1.     This action arises under the Age Discrimination and Employment Act (ADEA), 29 U.S.C. §621, et seq.; and for violations of the Florida Civil Rights Act of 1992, as amended ("FCRA"), Fla. Stat. Section 760.01 et seq.; and such other laws, rules and regulations as may apply to the facts alleged in this Complaint.

2.     King is a United States citizen residing in Jacksonville, Florida. His date of birth is September 8, 1953. At the time of his termination he was 66 years of age.

3.     Walmart Stores, Inc. acted as a retail pharmacy employer in the United States, including the Walmart Pharmacy located at 13490 Beach Boulevard, Jacksonville, Florida, where King practiced pharmacy for 27 years and was the Pharmacy Manager for 26 years.

4.     Walmart employs tens of thousands of pharmacists throughout the country and millions of employees worldwide.  It is reputed to be one of the largest, if not the largest private employer in the world.  Walmart has an extensive network of pharmacies.

5.     Walmart has well in excess of 500 employees for purposes of jurisdiction and damage caps in civil rights laws under both state and federal statutes.

6.     The amount in controversy in this matter far exceeds $75,000.

7.     This Court has subject matter jurisdiction over King's claims pursuant to 28 U.S.C. §1331, 1332 and 1367.

8.     King has exhausted his administrative remedies with respect to all claims set forth in this Complaint and has preserved the same.  King filed a timely Charge of Discrimination on November 20, 2020.  King received a Notice of Right to Sue letter from the EEOC on April 26, 2021.

## JURY TRIAL REQUESTED

9.     King requests a trial by jury for all claims and issues for which a jury is permitted.

## FACTUAL ALLEGATIONS

10.     King earned a Bachelor of Science degree in Pharmacy after completing a five year program at the University of Florida in Gainesville in March of 1980.  King was awarded the recognition of being "most likely to advance the profession of pharmacy".

11.     King began working for Walmart on January 25, 1993 and was fired on April 23, 2020.  King's pharmacist position remained after he was fired.  King was replaced by a younger pharmacist.

12.     After being hired by Walmart, King initially worked as a staff pharmacist for about 12 months and was then promoted to Pharmacy Manager, a position he held with Walmart for about 26 years.  Throughout his career with Walmart, King received a "solid performer" performance evaluation consistently until the last weeks of his employment.  In the last month of King's employment, Walmart was motivated by King's age in its assessments of him and actions against him.

13.     Walmart claims that it promotes "respect for the individual, personal integrity, and service to the customer" as values in its employees.  At all times, King has adhered to these standards and has demonstrated his dedication to Walmart's core values.  King has never been coached or disciplined for having personally violated any of Walmart's policies or stated values until the day he was fired.

14.     Less than a month prior to being fired, a new Health and Wellness Market Director was assigned to King's pharmacy.  Almost immediately, the new Market Director removed King from his Pharmacy Manager position and  replaced him with a much younger pharmacist.  On April 23, 2020, without warning or prior written coaching, King was fired for alleged "improper patient counseling".

15.     King was not provided with a "written exit interview", an opportunity to defend his practice, an opportunity to review the alleged policy violation, an opportunity to review the alleged "video" of his having improperly counseled patients, or otherwise engage in "coaching for improvement" as required by Walmart policy.  In a five minute meeting, King's 27 year career came to an end.

4

16.     King denies having violated any Walmart policies regarding counseling patients and asserts that he regularly counseled customers on a daily basis.  Based on his observation of younger Walmart pharmacists, the younger pharmacists counseled patients in the exact same manner that King did and they were not fired.

17.     On information and belief, based on King's observations and experiences throughout his 27 year career with Walmart, the stated reason of "improper patient counseling" is a pretext to the real reason he was fired – his age.

18.     On several occasions in the months prior to his firing, Darryl Marchetta, the Regional Market Director, sat in King's pharmacy and observed his practice of pharmacy, including patient counseling.  Sheila Parks, the Health and Wellness Market Director, also observed King's practice of pharmacy, including patient counseling.  This included spending anywhere from two to four hours working with King in the pharmacy and observing his practice.  Prior to being fired, King was never verbally coached or written up for alleged improper patient counseling.

19.     Further evidence of age discrimination is the fact that when King was demoted from his Pharmacy Manager position, the new, younger Pharmacy Manager who replaced him was allowed to work King's original schedule. Previously, King was forced to re-arrange his schedule in an effort to get him to retire.  When that effort failed, King was fired for the pre-textual reason of "improper patient counseling".

20.     As a result of being unlawfully fired, King has suffered economic damages, reputational damages, emotional distress, pain and suffering, and such other and further damages as shall be proven at a trial of this case.  As of the date of this complaint, King has not found comparable employment in his profession. Although he has mitigated his damages, he has not fully recovered from Walmart's unlawful actions.

21.     Walmart acted intentionally, with malice, and with a reckless indifference to King's rights.

## COUNT I:  AGE DISCRIMINATION

22.     Paragraphs 1 through 21 are incorporated herein by reference.

23.     King has been subjected to unlawful age discrimination in violation of the Florida Civil Rights Act ("FCRA"), Fla. Stat. § 760.01 *et seq.*

## COUNT II:  ADEA

24.     Paragraphs 1 through 23 are incorporated herein by reference.

25.     King has been subjected to unlawful age discrimination in violation of the ADEA.

## PRAYER FOR RELIEF

26.     King respectfully requests that the Court grant the following relief:

        A.     Declare the conduct engaged in by Walmart to be a violation of his rights;

        B.     Enjoin Walmart, its agents, successors, employees, and those acting in concert with it from continuing to violate King's rights;

C.      Order Walmart to employ King in his former position;

D.      Award King equitable relief in the form of back pay, benefits and pre-judgment interest;

E.      Award King lost future earnings as a result of Walmart's unlawful action as determined at trial;

F.      Award King compensatory damages in an amount to be determined at trial;

G.      Award King punitive damages in an amount to be determined at trial;

H.      Award King civil penal damages in an amount to be determined at trial;

I.      Award King liquidated damages in an amount to be determined at trial;

J.      Award King his attorney fees, including legal expenses and costs;

K.      Award King pre-judgment interest;

L.      Award King such other and further relief as may be just, proper and equitable.

Dated this 7th day of July, 2021.

Respectfully submitted,

_s/ Donna V. Smith_
**Donna V. Smith**
Florida Bar No.: 661201
Wenzel Fenton Cabassa P.A.
1110 N. Florida Avenue
Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Direct No.: 813-386-0995
Facsimile No.: 813-229-8712
Email: dsmith@wfclaw.com
Email: rcooke@wfclaw.com
**Attorneys for Plaintiff**

and

Richard E. Fradette, Esquire

By:/s/ Richard E. Fradette, Esquire
NH Bar No. 844
91 Bay Street
Manchester, NH 03104
Phone: (603) 493-3827
Email: rick@beliveau-fradette.com
***Pro Hac Vice Application Pending***
**Co-counsel for Plaintiff**